JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALVAREZ-HERRERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. CV 16-05384-BRO<br>CR 14-00229-BRO<br><br>**ORDER RE MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |

## I.   INTRODUCTION

Pending before the Court is Juan Carlos Alvarez-Herrera's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt.[1] No. 42 (hereinafter, "Mot." or "Motion").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Motion is **DENIED**.

## II.   BACKGROUND

### A.   The Underlying Offense Conduct

On March 10, 2010, Petitioner was convicted of Assault with a Deadly

---

[1] Docket citations, unless otherwise noted, refer to the docket of *USA v. Herrera*, CR 14-00229-BRO.

1  Weapon in violation of California Penal Code § 245(a)(1) in the Superior Court of
2  the State of California in Los Angeles County.  (Dkt. No. 9 at 2.)  On June 20, 2012,
3  Petitioner was deported from the United States.  (Dkt. No. 9 at 1.)   Thereafter,
4  Petitioner voluntarily reentered the United States without receiving permission from
5  the Attorney General or the Secretary for Homeland Security.  (Dkt. No. 9 at 1.)  As
6  reflected in the Indictment, "Petitioner was found in Los Angeles County" on or
7  about February 27, 2014.  (Dkt. No. 9 at 1.)
8        On April 17, 2017, a Grand Jury indicted Petitioner on violations of 8 U.S.C.
9  §§ 1326(a) and (b)(2) for being an illegal alien found in the United States following
10 removal.  (*See* Dkt. No. 9.)  Petitioner was arraigned on Count One of the Indictment
11 on July 24, 2014.  (Dkt. No. 14.)  Then, on May 5, 2014, Petitioner pleaded guilty to
12 Count One of the Indictment.  (Dkt. No 16.)
13       **B.**    **Sentencing**
14       On July 28, 2014, Respondent, the United States of America (the
15 "Government"), filed its position with respect to the sentencing factors.  (*See* Dkt.
16 No. 22.)  In its filing, the Government calculated a base offense level of 21 and a
17 criminal history of VI, and recommended 77 months of imprisonment and a three-
18 year term of supervised release.  (Dkt. No. 22 at 4.)  This calculation included a 16-
19 point upward adjustment pursuant to United States Sentencing Guideline
20 ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) because Petitioner's violation of California Penal
21 Code § 245(a)(1) constituted a crime of violence under the Sentencing Guidelines.
22 (Dkt. No. 22 at 3.)
23       On July 28, 2014, Petitioner filed his sentencing position paper agreeing with
24 the Government's base calculation, (Dkt. No. 23 at 4); however, he argued for a
25 downward variance from the advisory guideline range, (*see* Dkt. No. 23 at 4–10).
26 On November 13, 2014, Petitioner submitted a supplemental brief arguing that his
27 violation of California Penal Code § 245(a)(1) did not warrant a 16-point upward
28 adjustment because the underlying offense is not a crime of violence under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).  (Dkt. No. 28 at 2.)  He cited the Ninth Circuit's decision to grant a petition for rehearing in *United States v. Jimenez-Arzate*, 553 F. App'x. 700 (9th Cir. 2014), to determine whether § 245(a)(1) constitutes a crime of violence for purposes of a 16-point upward adjustment under U.S.S.G. § 2L1.2.  (Dkt. No. 28 at 2.)  On October 27, 2014, the Court sentenced Petitioner to 77 months of imprisonment and a three-year term of supervised release.  (Dkt. No. 31.)

### C. Appeals

The day after his sentencing, Petitioner appealed the Court's sentence.  (Dkt. No. 33.)  In his appeal, Petitioner reiterated his argument that a violation of § 245(a)(1) does not constitute a crime of violence for purposes of U.S.S.G. § 2L1.2.  (*See* Dkt. No. 40.)  The Ninth Circuit was considering this argument in *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064 (9th Cir. 2015) (per curiam), at the time; thus, the Ninth Circuit granted Petitioner's motion to stay appellate proceedings pending the court's ruling in *Jimenez-Arzate*.  (Dkt. No. 40.)  On January 12, 2015, the Ninth Circuit held that § 245(a)(1) "is categorically a crime of violence for federal sentencing purposes."  *Jimenez-Arzate*, 781 F.3d at 1064 (citing *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009).

In light of the Ninth Circuit's holding in *Jimenez-Arzate*, the Petitioner filed a motion to voluntarily dismiss his appeal, and the Ninth Circuit dismissed Petitioner's appeal on December 1, 2015.  (*See* Dkt. No. 41.)  On September 8, 2016, Petitioner filed the instant Motion.  (*See* Mot.)  The Government opposed Petitioner's Motion on November 28, 2016.  (*See* Dkt. No. 50 (hereinafter, "Opp'n").)

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).  The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

1 was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* If the court finds that relief is warranted, it must vacate and set aside the judgment, and then do one of four things: (1) discharge the prisoner, (2) resentence him, (3) grant a new trial, or (4) "correct the sentence as may appear appropriate." *Id.* § 2255(b); *accord United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

A district court "must grant a hearing to determine the validity of a petition brought under [section 2255] unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks omitted). In deciding whether to grant an evidentiary hearing, the district court should determine whether, accepting the truth of the petitioner's factual allegations, he could prevail on his claim. *Id.* An evidentiary hearing is thus required where the petitioner "allege[s] specific facts, which, if true, would entitle him to relief," and the record "cannot conclusively show that the petitioner is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). "Evidentiary hearings are particularly appropriate when claims raise facts which occurred out of the courtroom and off the record." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (internal quotation marks omitted); *accord De Morais v. United States*, No. 10-CR-00557-WHO-1, 2015 WL 2357555, at *4 (N.D. Cal. May 15, 2015).

## IV. DISCUSSION

Petitioner challenges his sentence on several grounds.[2] First, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016) and *Johnson v. United States*, 135 S.

---

[2] Petitioner's Motion papers are somewhat unclear as to exactly what claims he is pursuing at this stage. As best the Court can discern, Petitioner argues that his sentence for his conviction under 8 U.S.C. § 1326(b)(2) (which considers prior "aggravated felonies") is unconstitutional because the Supreme Court, in *Johnson* and *Welch*, held that the residual clause in the definition of "violent felony" in Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. Relatedly, Petitioner also appears to be reiterating the arguments his counsel raised at sentencing, that his conviction under California Penal Code § 245 is not a "crime of violence." In an abundance of caution, the Court will address each of the arguments that can reasonably be inferred from Petitioner's Motion papers.

Ct. 2551 (2015), Petitioner asserts that his sentence is unconstitutional because the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. (*See* Mot. at 3 ("Defendant seeks Habeas Relief that the Sentence was Unconstitutional Under [sic] Johnson v. United States (Welch v. United States) . . . .").) Although somewhat unclearly, Petitioner also appears to argue that the definition of a "crime of violence" in U.S.S.G. § 2L1.2(b)(1)(A)(ii) is void for vagueness, making his 16-point sentencing enhancement unconstitutional. (Mot. at 1.) Further, Petitioner claims that his sentence exceeds the maximum permitted by statute. (Mot. at 1 ("I as defendant was given a harsh +16 points enhancement increase as a Armed Career Criminal . . . .").) Lastly, Petitioner may be arguing that assault with a deadly weapon is not a "crime of violence" for purposes of 18 U.S.C. § 16 and U.S.S.G. § 2L1.2. (*See* Mot. at 1–3.)

The Government responds that: (1) Petitioner's claims are procedurally defaulted, (Opp'n at 11); (2) his sentence is within the maximum provided by law, (Opp'n at 14); (3) the 16-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was appropriate, (Opp'n at 15); and, (4) Petitioner's challenge to the Sentencing Guidelines is not cognizable in a § 2255 motion, (Opp'n at 17). The Court will address the parties' arguments in turn.

### A. Procedural Default

#### 1. Nonconstitutional Challenges to Sentence

A petitioner may not raise nonconstitutional sentencing issues under § 2255 if the petitioner did not raise these issues at sentencing or on direct appeal. *See United States v. Dervishi*, No. EDCR 12-00084-VAP, 2015 WL 1476383, at *2 (C.D. Cal. Mar. 30, 2015), *certificate of appealability denied* (Dec. 4, 2015) (citing *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir. 1996) ("A § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding . . . . Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal

from the sentencing decision."); *United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir. 1995)).

Petitioner argues that he was improperly subjected to a 20-year maximum sentence and that the 16-point upward adjustment was improper because his violation of California Penal Code § 245(a)(1) did not constitute a crime of violence. Petitioner appealed his sentence to the Ninth Circuit, (*see* Dkt. Nos. 33, 40), but then voluntarily dismissed his appeal on November 30, 2015, (s*ee* U.S. Court of Appeals for the Ninth Circuit Dkt. No. 14; Dkt. No. 41), in the wake of the Ninth Circuit's holding that § 245(a)(1) "is categorically a crime of violence for federal sentencing purposes." *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064 (9th Cir. 2015). Because Petitioner did not raise his claims on direct appeal, Petitioner procedurally defaulted on his claims. (*See* Dkt. Nos. 33, 40, 41.)

The Government maintains that Petitioner has defaulted on his claims because he filed a notice of appeal, but later voluntarily dismissed his appeal. (Opp'n at 11.) However, the Government acknowledges, and the Court finds, that Petitioner's counsel "raised the same challenges defendant now raises in his motion, namely that assault with a deadly weapon is not a crime of violence for purposes of 18 U.S.C. § 16 and U.S.S.G. § 2L1.2." (Opp'n at 12.) Because Petitioner raised his nonconstitutional challenges—regarding whether his violation under Cal. Penal Code § 245(a)(1) was a "crime of violence"—at his sentencing hearing, (*see* Sentencing Tr. at 8–10 (Dkt. No. 38)), the Court finds that Petitioner has not defaulted on these nonconstitutional claims.

**2.    Constitutional Challenges to Sentence**

In contrast, constitutional claims cannot be denied solely on the ground that the movant failed to raise them in his direct appeal. *See Davis v. United States*, 417 U.S. 333, 345 n.15 (1974). Where a movant fails to raise his constitutional claims on direct review, a Section 2255 motion is available but only if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged

violation or "actual innocence." *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Unites States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). A petitioner can demonstrate cause for a procedural default when "something external to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply'" with a procedural rule. *See Maples v. Thomas*, 132 S. Ct. 912, 914 (2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

A claim has not been "raised" if the defendant includes the claims in an appeal to the court of appeals but voluntarily dismisses the appeal. *See Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (holding that the defendant did not properly exhaust his federal habeas claims in state court when he voluntarily dismissed his pending appeal); *United States v. Frady*, 456 U.S. 152, 164 (1982) (holding that the defendant procedurally defaulted on his claim after failing to raise the claim in the court of appeals despite having had "a fair opportunity to present his federal claims to a federal forum").

Petitioner argues that his sentence is unconstitutional under *Johnson* and *Welch* because the Supreme Court invalidated ACCA § 924(e)(2)(B)'s residuary clause as unconstitutionally vague. (*See* Mot. at 1.) The Court finds that Petitioner failed to raise this claim at his sentencing hearing. (*See* Sentencing Tr.) Moreover, Petitioner filed, but voluntarily dismissed his appeal to the Ninth Circuit. (*See* Dkt. Nos. 33, 41.) Accordingly, with respect to his constitutional challenge, Petitioner must demonstrate that one or both of the exceptions to procedural default apply.

The Court finds that Petitioner has not shown cause for failing to fully address his constitutional challenge to his sentence. Petitioner's appeal and subsequent voluntary dismissal show that he exercised the power to raise this claim on direct review and that no external influence impeded his ability to do so. *See Maples*, 132 S. Ct. at 914. Petitioner offers no grounds for his failure to raise his constitutional arguments on direct appeal. Further, Petitioner has failed to demonstrate that the

second exception applies; Petitioner offers no argument or evidence to support a claim of actual innocence.  (*See generally* Mot.)  Thus, Petitioner "procedurally defaulted on [his constitutional] claim by not raising the issue" either at sentencing or on direct appeal, and not showing cause and prejudice or actual innocence in response to the default.  *See Unites States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley*, 523 U.S. at 622).  Accordingly, Petitioner procedurally defaulted on his constitutional challenges.

### B.   Petitioner's Enhancement Under Guideline § 2L1.2(b)(1)(A)(ii)

As Petitioner has not procedurally defaulted on his statutory challenge to his sentence, the Court will address the parties' positions with respect thereto.  The base offense level for violating 8 U.S.C. § 1326(a) is eight (8).  *See* U.S.S.G. § 2L1.2 cmt. n.2.  The Ninth Circuit has instructed courts how they should analyze whether a defendant's underlying conviction constitutes a crime of violence for federal sentencing purposes.  *See United States v. Marcia–Acosta*, 780 F.3d 1244, 1248 (9th Cir. 2015).  The Ninth Circuit stated, "[w]e use the categorical approach[3] set forth in *Taylor v. United States*, 495 U.S. [575, 602 (1990)] to determine whether a defendant's prior conviction constitutes a 'crime of violence' for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)." *Marcia–Acosta*, 780 F.3d at 1248.

The Ninth Circuit has repeatedly held that California Penal Code § 245(a)(1) "is categorically a crime of violence for federal sentencing purposes." *Jimenez-Arzate*, 781 F.3d at 1064; *see also Rodriguez v. United States*, Nos. 16-cv-1652 JM, 15-cr-1292 JM, 2016 WL 6124501, at *3 (S.D. Cal. Oct. 20, 2016) (citing *Jimenez-Arzate*, 781 F.3d 1062); *United States v. Garcia-Galiana*, No. 15-CR-00110-LHK-1,

---

[3] The Ninth Circuit explained the categorical approach in *United States v. Marquez-Lobos*, 697 F.3d 759, 762–63 (9th Cir. 2012): "Under [the categorical] approach, we 'do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense.' [Citations omitted].  If the statutory definition of the prior offense criminalizes conduct that would not constitute a 'crime of violence,' then the statute is not a categorical fit, and we must consider whether the prior conviction may still be used for a sentencing enhancement under the modified categorical approach." [Citation omitted].

2016 WL 879832, at *2 (N.D. Cal. Mar. 8, 2016) (citing *Jimenez-Arzate*, 781 F.3d at 1065). Thus, a defendant's § 245(a)(1) conviction constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), warranting a 16-point upward adjustment from the base offense level.

Thus, under Ninth Circuit precedent, Petitioner's 16-point upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was appropriate because he was convicted of a violation of California Penal Code § 245(a)(1) prior to his deportation.

### C. Statutory Maximum

Petitioner argues that he "was given a *harsh* +16 points enhancement . . . ." (Mot. at 1 (emphasis added).) Under 28 U.S.C. § 2255, a defendant may file a habeas petition on the basis that "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Section 1326(a) makes it unlawful to enter and remain within the United States after having been deported or removed. 8 U.S.C. § 1326(a). Section 1326(b) establishes the criminal penalties for defendants convicted under Subsection (a). A defendant is subject to a ten-year maximum penalty if the defendant was removed from the United States after committing a felony. 8 U.S.C. § 1326(b)(1). But if the defendant was removed after committing an aggravated felony, the defendant is subject to a twenty-year maximum penalty. 8 U.S.C. § 1326(b)(2).

The Court sentenced Petitioner to 77 months of imprisonment and a three-year term of supervised release. (Dkt. No. 31.) This sentence is within the twenty-year statutory maximum for "aggravated felon[ies]." Even assuming Petitioner's prior conviction was merely a felony, the Court's sentence also does not exceed the ten-year statutory maximum for felonies. Accordingly, Petitioner is not entitled to resentencing on the basis that his sentence was "harsh," because his sentence does not exceed the statutory maximum for violations of Section 1326(b).

### D. Petitioner's Constitutional Challenge Under *Johnson* and *Welch*

Petitioner appears to challenge his sentence based upon the premise(s) that he

was sentenced under an unconstitutionally vague statute, and/or that the Sentencing Guideline applied to his sentence is unconstitutionally vague.[4] (*See* Mot. at 1 ("I as defendant was given a harsh +16 points enhancement increase as a Armed Career Criminal . . . . Under Johnson v. United States and Welch v. United States a Collateral Challenge Review applys [sic] to all or any defendant that has been [sic] sentenced under the Armed Career Criminal Act or its residual clauses which I qualify under the Un-Constitutional Vagueness of this Act.").) Even assuming that Petitioner had not procedurally defaulted on his constitutional challenge under *Johnson* and *Welch*, Petitioner's challenge would fail.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause defining a "violent felony" is unconstitutionally vague. *Id.* at 2557. The residual clause defined a violent felony as any crime that "is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Then, in *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016), the Ninth Circuit held that the Supreme Court's reasoning in *Johnson* invalidates the definition of "crime of violence" in 18 U.S.C. § 16(b). Section 16(b), a residual clause, defines a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In sum, the Court understands Petitioner to argue that the Supreme Court's rulings in *Johnson* and *Welch*, together with the Ninth Circuit's ruling in *Dimaya* (invalidating the residuary definition of "crime of violence" in 18 U.S.C. § 16(b)), also render unconstitutional the definition of a "crime of violence" in U.S.S.G. § 2L1.2 as applied to Petitioner's conviction. This holding, Petitioner asserts, makes his 16-point upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) unwarranted.

---

[4] Because Petitioner's papers are unclear with respect to the exact nature of his constitutional challenge, the Court will address his position as both a Sentencing Guidelines challenge and a challenge based upon unconstitutional vagueness of the statute, 18 U.S.C. § 16.

Petitioner's argument fails for three reasons, which the Court addresses in turn.

### 1. Vagueness Challenges to the Sentencing Guidelines Are Not Cognizable

Petitioner challenges his 16-point upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii), arguing that the Guidelines' definition of a "crime of violence" is unconstitutionally vague. (Mot. at 1.) To support his argument that § 2L1.2's "crime of violence" definition is unconstitutionally vague, Petitioner cites the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551. (Mot. at 1.) The Government argues that Petitioner's challenge to the 16-point enhancement is not cognizable under 28 U.S.C. § 2255(a). (Opp'n at 17.)

The Supreme Court recently considered whether a defendant may collaterally attack a Sentencing Guideline as void for vagueness[5] in *Beckles v. United States*, ___ S. Ct. ___, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017). In *Beckles*, the United States District Court for the Southern District of Florida held that the defendant's prior conviction constituted a crime of violence; this determination qualified the defendant to a sentencing enhancement under U.S.S.G. § 4B1.1(a). *See id.* at *1. The defendant challenged the enhancement arguing that the applicable Sentencing Guideline was unconstitutionally vague. *Id.* The Supreme Court noted that, "the Court has invalidated two kinds of criminal laws as 'void for vagueness': laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal

---

[5] Before *Beckles*, courts were divided with respect to whether a petitioner could challenge a sentence premised upon vagueness of a Sentencing Guideline. *See United States v. Foote*, 784 F.3d 931, 937–40 (4th Cir. 2015) (holding that a defendant cannot challenge the defendant's "career offender status, originally determined correctly under the advisory Guidelines, . . . on collateral review."); *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) (holding that the defendant could not challenge his sentence because the guidelines were advisory and his sentence was within the maximum permitted by the law); *but see Alvarado v. United States*, Nos. CV 16-4411-GW, CR 09-939-GW-61, 2016 WL 6302517, at *11 (C.D. Cal. Oct. 14, 2016) (granting the defendant's § 2255 challenge to his sentence computation that was based on the advisory guidelines and ordering the court to resentence the defendant); *United States v. Dean*, 169 F. Supp. 3d 1097, 1119 (D. Or. 2016) (holding that *Johnson* also applies retroactively to the Sentencing Guidelines.).

offenses." *Id.* at 5. However, the Supreme Court explained that the advisory Sentencing Guidelines fit neither of these two categories. *Id.* at 5–6. The Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.*

The Supreme Court's decision in *Beckles* precludes Petitioner from asserting on collateral review that the Sentencing Guideline underlying his 16-point enhancement is void for vagueness. Accordingly, assuming that Petitioner challenges his sentence based upon the premise that the Sentencing Guidelines are unconstitutionally vague, Petitioner's Motion fails.

### 2. The *Johnson* and *Dimaya* Holdings Do Not Impact Petitioner's Sentence Enhancement Under U.S.S.G. § 2L1.2

Even assuming a Guidelines challenge were cognizable on a § 2255 motion, the *Johnson* and *Dimaya* holdings do not affect the constitutional validity of U.S.S.G. § 2L1.2's definition of crime of violence, which the Court used when calculating the 16-point upward adjustment in Petitioner's offense level. *Dimaya* invalidated only § 16(b)'s residual clause as unconstitutionally vague; the decision did not affect § 16(a). *See Dimaya*, 803 F.3d at 1123–24 (discussing the distinction between §16(a)'s inquiry into the crime's elements and § 16(b)'s analysis that "asks a different question with different parameters and consequences"). Therefore, the court's holding in *Dimaya*, which did not invalidate § 16(a), also does not invalidate U.S.S.G. § 2L1.2's definition of a crime of violence because U.S.S.G. § 2L1.2 and Section 16(a) are "materially the same" and "subject to the same construction." *Grajeda*, 581 F.3d at 1190–91 (quoting *Gomez–Leon*, 545 F.3d at 788).

### 3. 18 U.S.C. § 16(a)'s Definition of "Crime of Violence" Remains Constitutional

Following *Johnson* and *Dimaya*, the Ninth Circuit, as well as district courts in the Circuit, have consistently held that a violation of California Penal Code § 245(a)(1) remains, categorically, a crime of violence as defined in 18 U.S.C.

§ 16(a). *See, e.g., Ramirez*, 628 F. App'x at 506–07; *United States v. Cisneros-Cuevas*, Nos. 16-cv-1741-BAS, 15-cr-1837-BAS, 2017 WL 432817, at *3 (S.D. Cal. Jan. 31, 2017); *United States v. Rodgers*, No. 08-cr-00716-SI-1, 2016 WL 7337230, at *4 (N.D. Cal. Dec. 19, 2016); *United States v. Garcia-Galiana*, No. 15-CR-00110-LHK-1, 2016 WL 879832, at *2 (N.D. Cal. Mar. 8, 2016) ("In sum, every circuit court to have addressed the issue—including the Ninth Circuit, in two binding, precedential, and unanimous decisions—has held that Assault with a Deadly Weapon, in violation of California Penal Code § 245(a)(1), constitutes a 'crime of violence' under U.S.S.G. § 2L1.2."); *Rodriguez v. United States*, Nos. 16cv1652 JM, 15cr1292 JM, 2016 WL 6124501, at *3 (S.D. Cal. Oct. 20, 2016). The Court is unaware of (and Petitioner fails to provide any) binding precedent since *Johnson* and *Dimaya* holding that Section 16(a)'s definition of "crime of violence" is unconstitutional.

The base offense level for Petitioner's violation of 8 U.S.C. § 1326(a) was eight (8). *See* U.S.S.G. § 2L1.2 cmt. n.2 (U.S. Sentencing Comm'n 2004). At the time Petitioner was sentenced, the Sentencing Guidelines provided for a 16-point upward adjustment if the defendant was removed after being convicted of a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (amended 2016). Petitioner was convicted of violating California Penal Code § 245(a)(1), (Dkt. No. 2 at 2), before he was removed from the United States, (Dkt. No. 9 at 1). The Ninth Circuit in *Jimenez-Arzate*, 781 F.3d at 1064, held that a conviction under § 245(a)(1) is "categorically" a crime of violence. Accordingly, even under Ninth Circuit precedent following *Johnson* and *Dimaya*, Petitioner was constitutionally convicted of a "crime of violence" prior to his removal. At sentencing, the Court applied a 16-point upward adjustment to Petitioner's base offense level for violation of California Penal Code § 245(a)(1).[6] (Dkt. No. 38 at 14.)

---

[6] The Court sentenced Petitioner in 2014. (*See* Dkt. No. 30.) U.S.S.G. § 2L1.2 was subsequently amended in 2016. At the time that Petitioner was convicted, U.S.S.G. § 2L1.2 stated, in relevant part, "[i]f the defendant previously was deported, or unlawfully remained in the United States, after

13

Based upon the foregoing, the Court holds that Petitioner's 16-point upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was constitutional and appropriate under the circumstances; Petitioner was convicted of a violation of California Penal Code § 245(a)(1), which remains a crime of violence under Ninth Circuit precedent, prior to his deportation.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Any request for a certificate of appealability is also **DENIED**.

IT IS SO ORDERED.

Dated: March 23, 2017

_____
Beverly Reid O'Connell
Judge, United States District Court

---

". . . a conviction for a felony that is . . . a crime of violence . . ., increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (amended 2016).